IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ALBERTO SOLANO

Criminal No. 2:20-353

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S *PRO SE*
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DOC. NO. 6)**

AND NOW comes the United States of America, by and through its attorneys, Cindy K.

Chung, United States Attorney for the Western District of Pennsylvania, and David Lew,

Assistant United States Attorney for said District, and hereby submits this Response in

Opposition to Defendant Alberto Solano's *Pro Se* Motion for Early Termination of Supervised

Release (Doc. No. 6).

On January 20, 2020, Solano was convicted in the United States District Court for the

District of New Jersey of conspiring to distribute and possess with intent to distribute 5

kilograms or more of cocaine.   He was sentenced to a 120-month term of imprisonment to be

followed by a 5-year term of supervised release.   On May 15, 2020, Solano was released to

supervision.   His case was transferred to this District on November 16, 2020.   Solano's term

will not expire until May 14, 2025.

In his Motion, Solano asks this Court to grant him early termination of supervision,

despite 3 years remaining, on the grounds that he has been compliant with the terms of his

supervision and that further supervision is unnecessary.   For the reasons discussed below—

including the serious nature of his offense, his substantial role in that offense, and his failure to

demonstrate any new or unforeseen circumstances—Solano has not met his burden of

establishing that early termination is warranted by his conduct and the interest of justice.

Accordingly, his Motion should be denied.

I.    **BACKGROUND**

On June 23, 2011, Solano pled guilty pursuant to a written plea agreement to a one-count

Information filed in the United States District Court for the District of New Jersey charging him

with conspiring to distribute and possess with intent to distribute 5 kilograms or more of cocaine,

in violation of 21 U.S.C. § 846.

This charge arose from Solano's participation in a drug trafficking organization, known

as the Castro DTO, that operated in Patterson, New Jersey and elsewhere.   PSIR ¶ 12.   A

wiretap investigation revealed that between late 2009 and early 2010, Solano and others engaged

in multiple narcotics transactions.   *Id*. ¶ 14.   During the conspiracy, Solano and co-conspirator

Joel Castro received narcotics from a supplier and used other individuals to make daily deliveries

of cocaine to customers.   *Id*.   Solano's involvement in the conspiracy included discussing

amounts of drugs at a stash house and the timing of pickups, discussing counter-surveillance

techniques, discussing drug pricing, and instructing others how to cook crack cocaine.   *Id*.

¶¶ 14–27.   The PSIR describes numerous specific actions undertaken by Solano in furtherance

of the conspiracy.   *Id*.

On January 20, 2020, Solano was sentenced in the District of New Jersey to a 120-month

term of imprisonment to be followed by a 5-year term of supervised release.   Cr. No. 1:11-426

(D.N.J.) at Doc. Nos. 119, 120.   Solano appealed his conviction (Cr. No. 1:11-426 at Doc. No.

122), but the Third Circuit granted the Government's motion for summary affirmance (Cr. No.

1:11-426 at Doc. No. 126).

On May 10, 2022, Solano filed the instant *Pro Se* Motion for Early Termination of

Supervised Release asking the Court to terminate the remainder of his term of supervision.   Cr.

No. 2:20-353 at Doc. No. 6 (the "Motion").   As grounds for his Motion, Solano asserts that he has been compliant with the terms of his supervision and that continued supervision is unnecessary.   Mot. at 8–13.   Solano acknowledges that his current supervising Probation Officer takes no position on this matter.   *Id*. at 9.

For the reasons discussed below, Solano fails to meet his burden of demonstrating that early termination is warranted, and his Motion therefore should be denied.

## II.    LEGAL FRAMEWORK

Under 18 U.S.C. § 3583(e), this Court may, under specified conditions, terminate a term of supervised release prior to its expiration.   The statute provides:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).   As this Court has explained, a defendant "bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." *United States v. Welling*, No. 20-cr-167, 2021 WL 409834, at *1 (W.D. Pa. Feb. 5, 2021) (Conti, J.) (quoting *United States v. Williams*, No. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006)); *see also United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

In assessing whether a defendant has met his burden, § 3583(e)(1) requires the Court to consider:

(1)    the nature and circumstances of the offense and the defendant's history and characteristics (18 U.S.C. § 3553(a)(1));

(2)    the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C § 3553(a)(2)(B)–(D));

3

(3)     the kinds of sentence and sentencing range established for the defendant's crimes (18 U.S.C. § 3553(a)(4)(A));

(4)     pertinent policy statements issued by the United States Sentencing Commission (18 U.S.C. § 3553(a)(5));

(5)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and

(6)     the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)).[1]  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).   When conducting the necessary analysis, however, district courts should ask generally whether new or unforeseen circumstances have arisen.  *Id*. at 53.   While the Third Circuit "disavow[ed] any suggestion that new or unforeseen circumstances must be shown," the Court noted:

> We think that '[g]enerally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it. . . . That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

*Id*. (internal citations omitted).

---

[1]  "District courts are not required to make specific findings of fact with respect to each of these [§ 3553(a)] factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'"  *Melvin*, 978 F.3d at 52–53 (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

III.    **ARGUMENT**

A.    **The Relevant Sentencing Factors Weigh Against Early Termination of Solano's Term of Supervised Release**

1.    **The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1))**

These factors weigh against Solano.   Solano was convicted of conspiring to distribute and possess with intent to distribute 5 kilograms or more of cocaine—a crime that posed a serious danger to the community.   Solano was more culpable than several of his co-conspirators (PSIR ¶ 41) and was involved in many aspects of his organization's drug-trafficking activities. *See* PSIR ¶¶ 15, 18, 20, 23 (instructing others to cook crack cocaine), ¶ 17 (discussions about ordering a kilogram of cocaine); ¶ 19 (discussions about 2-kilogram order); ¶ 22 (discussions about structuring narcotics transaction and mixing cocaine); ¶ 26 (discussions about obtaining 2 kilograms of cocaine); ¶ 27 (asking co-conspirator to obtain a kilogram of cocaine for him); ¶ 31 (assembling money and delivering to co-conspirator).   The serious nature of Solano's drug-trafficking offense, and his substantial role in that offense, weigh against granting early termination.   *See, e.g.*, *Welling*, 2021 WL 409834, at *3 (finding serious nature of drug conspiracy weighed against early termination); *United States v. Treutelaar*, No. 20-235, 2021 WL 2550651, at *3 (W.D. Pa. June 22, 2021) (Colville, J.) (denying motion for early termination and noting that drug-trafficking crime had devastating effects on community).

Additionally, at the time he committed the offense, Solano had previously been convicted of conspiracy to distribute crack cocaine (New Jersey Superior Court, 2003).   PSIR ¶ 69. These factors therefore weigh against granting early termination.

2. **The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and the need to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(B)-(D))**

These factors also weigh against Solano.   As this Court has recognized, "[a] lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant."   *Welling*, 2021 WL 409834, at *3.   Based on the serious nature of his crime, the 5-year term of supervised release imposed at Solano's sentencing was appropriate and remains so. Solano does not raise any issues related to his need for educational or vocational training, medical care, other correctional treatment.

3. **The sentencing range established by the Sentencing Commission (18 U.S.C. § 3553(a)(4))**

Solano was sentenced to a 120-month term of imprisonment, which was the mandatory minimum term for his offense.   PSIR ¶ 105.   A 5-year term of supervised release was ordered to be served following his imprisonment.   This was the statutory minimum term of supervised release and therefore also the Guidelines-range term of supervision.   *Id*. ¶ 108.   Because Solano received the mandatory-minimum term of imprisonment and supervision, this factor does not favor early termination.   Moreover, Solano acknowledges that the 5-year term of supervision would fall within his advisory Guidelines range even if it were not the mandatory-minimum term.   *See* Mot. at 12.

4. **Any pertinent policy statement issued by the Sentencing Commission (18 U.S.C. § 3553(a)(5))**

Solano cites to Application Note 5 to U.S.S.G. §5D1.2 and to the Sentencing Commission's Primer on Supervised Release, which address early termination and extension of a term of supervised release.   Mot. at 6 (citing language in Primer that a court may impose a longer term of term of supervision for a defendant with an addiction, then terminate the term

early upon successful completion of treatment).   Those statements do not support early
termination for Solano.   Solano received the mandatory minimum term of supervision, and thus
the sentencing court did not lengthen his term of supervision.   And while the Probation Office
has indicated to the Court that substance abuse treatment was not being recommended for him
(*see* Cr. No. 2:20-353 at Doc. No. 4), Solano's compliance with the terms of his supervision is
expected and does not alone warrant early termination.   *See Welling*, 2021 WL 409834, at *4
("Compliance with the conditions of supervision, including refraining from engaging in criminal
conduct, is *required* behavior while serving a term of supervised release.") (emphasis in
original); *United States v. McCain*, No. 95-36-8, 2021 WL 2355687, at *4 (W.D. Pa. June 9,
2021) (Conti, J.) (stating the same); *Treutelaar*, 2021 WL 2550651, at *4 (noting compliance
with conditions of supervision may well mean supervision is serving deterrent and rehabilitative
purposes).   Thus, this factor does not favor granting early termination.

   **5.**  **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6))**

  As noted, Solano's 5-year term of supervised release was the minimum term required by
statute.   PSIR ¶ 108.   He has completed only 2 years of supervision, and granting his Motion
would create a sentencing disparity between him and defendants who have been convicted of
similar conduct.   *See Welling*, 2021 WL 409834, at *4 ("There is no evidence that [defendant's]
term of supervised release should be terminated to avoid unwarranted sentencing disparities
among defendants with similar records who have been found guilty of similar conduct,
particularly in light of the statutory mandatory minimum of 10 years of supervised release.");
*Treutelaar*, 2021 WL 2550651, at *4 ("Based upon the serious nature of Defendant's crime and
the statutory minimum term of supervised release set forth by Congress for violations of 21

U.S.C. § 846 and 18 U.S.C. § 924(c), the appropriate term of supervised release remains five

years.").   Thus, this factor also weighs against early termination.

> **6.   The need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))**

Restitution is not applicable in this case.

**B.   Solano Has Not Established that Early Termination Is Warranted and in the Interest of Justice**

The applicable § 3553(a) factors reviewed above demonstrate that Solano fails to meet

his burden to establish that his conduct and the interest of justice warrant early termination of

supervised release with more than half of his term remaining.   While Solano asserts that he has

been compliant thus far with the conditions of supervision, as noted, such compliance is required

and does not warrant early termination.

Moreover, while not mandatory, the Third Circuit has advised that early termination is

generally appropriate only where there are new or unforeseen circumstances.   *See United States

v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) ("We think that "[g]*enerally*, early termination of

supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is

satisfied that new or unforeseen circumstances' warrant it.") (quoting *United States v. Davies*,

746 F. App'x 86, 89 (3d Cir. 2018)).   Although not strictly required to do so, Solano has not

demonstrated any new or unforeseen circumstance, and this weighs against his request.   *See

Melvin*, 978 F.3d at 53.

Finally, Solano fails to identify any particularized hardship or restriction imposed by

supervision that would make it onerous for him to complete the remaining portion.   *See United

States v. Watkins*, Cr. No. 08-231, 2022 WL 1091932, at *2 (W.D. Pa. Apr. 12, 2022) (Horan, J.)

(denying early termination motion and noting: "[Defendant] does not articulate how supervision

prejudices him.   Moreover, [Defendant] is currently employed and therefore supervision itself is

not an impediment to his ability to work.   Finally, [Defendant] has not pointed to any aspect of supervision that is unduly burdensome or exceptional."); *United States v. Damiano*, Cr. No. 07-153, 2020 WL 7263183, at *2 (E.D. Pa. Dec. 10, 2020).

In sum, considering the applicable § 3553(a) factors, Solano fails to demonstrate that early termination is warranted and in the interest of justice.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Defendant's *Pro Se* Motion for Early Termination of Supervised Release.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney


*/s/ David Lew*
DAVID LEW
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7482 (tel)
412-644-2644 (fax)
david.lew@usdoj.gov
PA ID No. 320338

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the Government's Response in Opposition to Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Doc. No. 6) was served by mail on:

> Alberto Solano
> 1502 Shady Avenue
> Pittsburgh, PA 15217

*/s/ David Lew*
DAVID LEW
Assistant U.S. Attorney

Dated:   May 23, 2022