IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:20-353 |
| ALBERTO SOLANO | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DOC. NO. 13)**

AND NOW comes the United States of America, by and through its attorneys, Cindy K.
Chung, United States Attorney for the Western District of Pennsylvania, and David Lew,
Assistant United States Attorney for said District, and hereby submits this Response in
Opposition to Defendant Alberto Solano's Second Motion for Early Termination of Supervised
Release (Doc. No. 13).

Solano was convicted in the District of New Jersey for participating in a conspiracy that
trafficked multi-kilogram quantities of cocaine in Patterson, New Jersey, and elsewhere.   Doc.
No. 1-2; PSIR ¶¶ 10–34.   He was released to supervision on May 15, 2020, following
incarceration, and jurisdiction over his supervision was transferred to the Western District of
Pennsylvania in October 2020.   Doc. No. 1.   Solano's term of supervision will not expire until
May 14, 2025.

In May 2022, Solano filed a motion to terminate the remaining three years of his five-
year term of supervision based on his asserted compliance to date with the conditions of his
supervision and his claim that further supervision was unnecessary.   Doc. No. 6 (the "First
Motion").   The United States opposed Solano's First Motion, and on May 27, 2022, the Court
denied the motion after considering the briefing, the relevant sentencing factors under 18 U.S.C.

§ 3553(a), and Solano's conduct and the interests of justice.   Doc. No. 12.   The Court's denial was without prejudice for Solano to file a future motion if warranted by the circumstances.   *Id*.

Less than seven months later, Solano filed the instant Motion again seeking early termination.   Doc. No. 13 (the "Second Motion").   Rather than identifying any change in his circumstances beyond the passage of several months, Solano instead suggests that the Court wrongly denied his First Motion based on improper and unpersuasive arguments by the United States.   *Id*. at 11–16.   Solano's Second Motion is in substance a motion for reconsideration and an untimely one that the Court lacks jurisdiction to grant.   But even if considered on the merits as a new motion, Solano's Second Motion still fails because he again falls well short of demonstrating that early termination is warranted by his conduct and the interest of justice.

## I.   BACKGROUND

The relevant procedural history of Solano's case was summarized in the United States' Response to Solano's First Motion.   *See* Doc. No. 10 at 2–3.   As explained therein, on June 23, 2011, Solano pled guilty pursuant to a plea agreement to a one-count Information filed in the United States District Court for the District of New Jersey charging him with conspiring to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846.   Cr. No. 2:11-426 (D.N.J.) at Doc. Nos. 114, 116.   This charge arose from Solano's participation in a drug-trafficking organization, known as the Castro DTO, that operated in Patterson, New Jersey, and elsewhere.   PSIR ¶ 12.   A wiretap investigation revealed that between late 2009 and early 2010, Solano and others engaged in multiple narcotics transactions.   *Id*. ¶ 14.   During the conspiracy, Solano and co-conspirator Joel Castro received narcotics from a supplier and used other individuals to make daily deliveries of cocaine to customers.   *Id*.   Solano was involved in many facets of the conspiracy, including discussing amounts of drugs at a stash house and the timing of pickups, discussing counter-surveillance

techniques, discussing drug pricing, and instructing others how to cook crack cocaine.  *Id.* ¶¶ 14–27.  The PSIR describes numerous specific actions undertaken by Solano in furtherance of the conspiracy.  *Id.*

On January 20, 2012[1], Solano was sentenced in the District of New Jersey to a 120-month term of imprisonment to be followed by a 5-year term of supervised release, which were the mandatory minimum terms.  Cr. No. 2:11-426 (D.N.J.) at Doc. Nos. 119, 120; PSIR ¶¶ 105, 108.  Solano appealed his conviction (Cr. No. 2:11-426 at Doc. No. 122), but the Third Circuit granted the Government's motion for summary affirmance (Cr. No. 2:11-426 at Doc. No. 126).

On May 10, 2022, following transfer of jurisdiction over Solano's supervision to this District, Solano filed his First Motion asking the Court to terminate the remainder of his term of supervision.  Doc. No. 6.  As grounds for his request, Solano asserted that he had been compliant to date with the terms of his supervision and that continued supervision was, in his view, unnecessary.  *Id.* at 8–13.  Solano did not identify any hardship caused by his supervision, nor did he submit any documents or other evidence in support of his request.

The United States opposed Solano's First Motion because he failed to meet his burden of demonstrating that early termination was warranted by his conduct and the interest of justice. Doc. No. 10.  The Court agreed, and on May 27, 2022, entered an Order denying the First Motion, finding that after considering all relevant briefing, the Section 3553(a) factors, and Solano's conduct and the interests of justice, early termination was not warranted at that juncture.  Doc. No. 12.  The denial was without prejudice to Solano's ability to refile a motion

---

[1] This date was incorrectly stated as January 20, 2020, in the United States' Response to Solano's First Motion (Doc. No. 10).

at a later date if warranted by the circumstances.   *Id*.   Solano did not appeal the Court's May 27 Order or seek reconsideration.

Less than seven months later, on December 16, 2022, Solano filed the instant Second Motion again requesting early termination.   Doc. No. 13.   In his Second Motion, Solano identifies no change in his circumstances other than the passage of several months, but instead suggests that the Court wrongly decided his First Motion based on improper and unpersuasive arguments by the Government.   *Id*. at 11–16.   Solano argues, among other things, that factors such as the seriousness of his offense and the substantial remaining portion of his supervision warranted no consideration from the Court and that early termination should be granted because further supervision is unnecessary.   *Id*.   These arguments are meritless, as explained below.

## II.   LEGAL FRAMEWORK

### A.   Motion for Reconsideration

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence."   *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks and citation omitted).   "Although there is no Federal Rule of Criminal Procedure that explicitly governs Motions for Reconsideration, the Third Circuit has recognized that such motions may be filed in criminal matters."   *United States v. Shumate*, Cr. No. 18-0645, 2022 WL 2063337, at *1 (D.N.J. June 7, 2022) (citing *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003)).   But reconsideration is an extraordinary remedy that should be granted only sparingly.   *See id*. at *2; *United States v. Rashid*, Cr. No. 93-264, 2009 WL 723382, at *2 (E.D. Pa. Mar. 17, 2009).   "A motion for reconsideration is not to be used as a means to reargue a case or merely to ask a court to rethink a decision it has made" and

"is not a substitute for an appeal."   *United States v. Perez*, Nos. 86-cr-263, 04-cv-3958, 2010 WL 2766860, at *2 (E.D. Pa. July 9, 2010).

To prevail on a motion for reconsideration, a movant must show: (1) an intervening change in controlling law; (2) availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.   *Max's Seafood Cafe*, 176 F.3d at 677.   The court lacks jurisdiction to consider an untimely motion for reconsideration.   *See Perez*, 2010 WL 2766860, at *1; *Rashid*, 2009 WL 723382, at *2.   "Absent specific guidance under the criminal procedural rules, the Court looks to the jurisprudence of Federal Rule of Civil Procedure 59(e) in considering [a defendant's] motion."   *Perez*, 2010 WL 2766860, at *2; *see also Rashid*, 2009 WL 723382, at *2 (applying 10-day deadline in prior version of Fed. R. Civ. P. 59(e)); *cf. United States v. Enigwe*, Cr. No. 92-257, 2006 WL 1340527, at *2 (E.D. Pa. May 15, 2006) ("A motion for reconsideration in a criminal case is timely if it is filed within the time for filing an appeal.").   Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

### B.    Early Termination of Supervision

As explained in United States' Response to Solano's First Motion, under 18 U.S.C. § 3583(e), a court may, under specified conditions, terminate a term of supervised release prior to its expiration.   The statute provides:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).   As this Court has emphasized, a defendant "bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release."   *United States v. Welling*, No. 20-cr-167, 2021 WL 409834, at *1 (W.D. Pa. Feb. 5, 2021) (Conti, J.) (quoting *United States v. Williams*, No. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006)); *see also United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

In assessing whether a defendant has met his burden, § 3583(e)(1) requires the Court to consider:

(1)   the nature and circumstances of the offense and the defendant's history and characteristics (18 U.S.C. § 3553(a)(1));

(2)   the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C § 3553(a)(2)(B)–(D));

(3)   the kinds of sentence and sentencing range established for the defendant's crimes (18 U.S.C. § 3553(a)(4)(A));

(4)   pertinent policy statements issued by the United States Sentencing Commission (18 U.S.C. § 3553(a)(5));

(5)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and

(6)   the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice."   *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)).[2]   "The

---

[2]  "District courts are not required to make specific findings of fact with respect to each of these [§ 3553(a)] factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'"   *Melvin*, 978 F.3d at 52–53 (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district

court enjoys discretion to consider a wide range of circumstances when determining whether to

grant early termination." *Id*. (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.

2014)).   When conducting the necessary analysis, however, district courts should ask generally

whether new or unforeseen circumstances have arisen.   *Id*. at 53.   While the Third Circuit

"disavow[ed] any suggestion that new or unforeseen circumstances must be shown," the Court

noted:

> We think that '[g]enerally, early termination of supervised release under
> § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new
> or unforeseen circumstances' warrant it. . . . That is because, if a sentence was
> 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C.
> § 3553(a), we would expect that something will have changed in the interim that
> would justify an early end to a term of supervised release.

*Id*. (internal citations omitted).

## III.   ARGUMENT

### A.   Solano's Second Motion Should Be Denied as Untimely and Because It Otherwise Fails to Meet the Test for Reconsideration

Solano's Second Motion is in substance a motion for reconsideration of the Court's May

27, 2022 order denying his First Motion seeking early termination.   Solano cites no new

circumstances in his Second Motion that would arguably warrant a different result but instead

suggests that his First Motion was wrongly decided based on improper and unpersuasive

arguments offered by the Government.   *See* Doc. No. 13 at 2–16.   At the threshold, any motion

brought now for reconsideration of the Court's May 27 order is untimely, and the Court thus

lacks jurisdiction to consider it.   *See* Fed. R. Civ. P. Rule 59(e) (setting 28-day deadline);

*Rashid*, 2009 WL 723382, at *2; *United States v. Saunders*, Cr. No. 15-203 (W.D. Pa.), Doc. No.

112 at 4.   Moreover, for such a motion to succeed, Solano must meet the high bar of showing:

(1) an intervening change in controlling law; (2) availability of new evidence not previously

available; or (3) the need to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe*, 176 F.3d at 677.   He cannot do so.   Solano makes no argument involving the first two prongs, nor has he shown any need to correct a clear error of law or prevent manifest injustice given that the Court's May 27 decision was correct, as explained below and in the United States' Response to his First Motion.

> **B.      Because the Relevant Sentencing Factors Still Strongly Weigh Against Granting Early Termination, Solano's Second Motion Should Be Denied on the Merits**

Solano's Second Motion fails on the merits even if considered as a new motion.   As explained in the United States' Response to Solano's First Motion (Doc. No. 10 at 5–9), incorporated by reference, the relevant sentencing factors under 18 U.S.C § 3553(a) strongly weigh against granting early termination.   As to the nature and circumstances of Solano's offense and his history and characteristics (18 U.S.C. § 3553(a)(1)), Solano was convicted of conspiring to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, a crime that unquestionably posed a serious danger to the community.   *See* Doc. No. 1-2.   He was involved in numerous aspects of his organization's drug-trafficking activities, including instructing others to cook crack cocaine, discussing large orders of cocaine, discussing structuring narcotics transactions, asking other conspirators to obtain cocaine for him, and handling money for transactions.   *See* Doc. No. 10 at 5; PSIR ¶¶ 10–45.   Solano's substantial involvement in trafficking multi-kilogram quantities of dangerous and illegal narcotics weighs against granting early termination.   *See Welling*, 2021 WL 409834, at *3; *United States v. Treutelaar*, No. 20-235, 2021 WL 2550651, at *3 (W.D. Pa. June 22, 2021) (Colville, J.).

Solano does not dispute these record facts but instead argues that "the seriousness of the crime is not appropriate or applicable" for the Court to consider because 18 U.S.C. § 3583(e), addressing modification of a term of supervision, does not list 18 U.S.C § 3553(a)(2)(A), "the

need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."   Doc. No. 13 at 12.   This argument is meritless for at least two reasons.   First, Solano fails to demonstrate that the Court relied on the seriousness of his offense in denying his First Motion and that result would have been different otherwise.   As explained in the United States' Response opposing Solano's First Motion (Doc. No. 10 at 5–9), many factors weighed against granted his motion.   This included the indisputably permissible factor under 18 U.S.C. § 3553(a)(1) regarding "the nature and circumstances" of Solano's offense.   *See id.* at 5.   Accordingly, the motion would have been properly denied for reasons apart from the seriousness of his offense.   The same is true of his Second Motion.

Second, Solano's claim that the Court may not consider the seriousness of his crime is wrong, as recognized by the Third Circuit and other courts.   In *United States v. Kay*, 283 F. App'x 944 (3d Cir. 2008), the defendant appealed the district court's denial of his early termination motion, arguing that the district court had erred by considering the seriousness of his offense despite the omission in 18 U.S.C. § 3583(e) of 18 U.S.C. § 3553(a)(2)(A) from the list of factors to be considered in deciding a request for early termination.   *Id*. at 947.   The Third Circuit rejected this argument and affirmed the denial, holding that "the consideration of whether the sentence reflects the seriousness of an offender's crime is not limited to § 3553(a)(2)(A), but is expressed redundantly in the other factors courts are required to consider under § 3583(e)." *Id*. (citing decisions from Second and Sixth Circuits); *see also United States v. Antico*, Cr. No. 98-242, 2008 WL 4146189, at *2 (E.D. Pa. Sept. 8, 2008) (denying motion for reconsideration of denial of early termination motion where defendant alleged court "placed inappropriate and undue emphasis on the seriousness of the crimes underlying [his] conviction and retributive

concepts."); *United States v. Frezzell*, Cr. No. 06-391, 2016 WL 406268, at *3 (W.D. Pa. Feb. 3, 2016) (Conti, J.) ("[T]he court considers the seriousness of defendant's conduct under § 3553(a)(1).") (citing *Kay*).   So too here.

Beyond the nature and circumstances of Solano's offense, the Court also must consider his history and characteristics.   *See* 18 U.S.C. § 3553(a)(1).   Relevant here is that Solano is a repeat drug trafficker.   Prior to committing the instant offense, Solano was convicted in March 2003 in New Jersey Superior Court for conspiring to distribute crack cocaine.   PSIR ¶ 69. Solano's continued trafficking of cocaine after having been prosecuted for the same conduct is particularly troubling and illustrates that the instant offense was not an aberration or one-off mistake.   Thus, the factors set forth in 18 U.S.C. § 3553(a)(1) cut against Solano.

The Court must also consider the need for Solano's sentence to afford adequate deterrence and to protect the public from further crimes by him.   *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C).   Solano's repeated involvement in drug trafficking, including his conduct in committing the instant offense, tips the scales against him on these factors.   *See Welling*, 2021 WL 409834, at *3 ("A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant.").   This is particularly true given that Solano received the statutory minimum term of supervision and has served only half of it.   *See* PSIR ¶ 108.[3]

---

[3] Solano acknowledges that the Third Circuit has not decided whether a court can reduce a mandatory minimum term of supervised release.   Doc. No. 13 at 9–11 (citing *United States v. Powell-Ryder*, No. 20-2617, 2021 WL 2838375, at * 2 n.15 (3d Cir. July 8, 2021)); *see also United States v. Fluellen*, Cr. No. 09-497-1, 2022 WL 309159, at *9 n.6 (W.D. Pa. Feb.2, 2022) ("As far as the court can discern, the issue of whether a district court can reduce a mandatory term of supervised release is undecided in this circuit.") (citing *Powell-Ryder*).

Solano again does not dispute the factual description of his offense or his criminal history and further acknowledges that he has completed only half of his term of supervision (Doc. No. 13 at 3).   He argues, however, that the length of his supervision is "completely unrelated" to the sentencing factors under § 3553(a)(2)(B)—affording adequate deterrence to criminal conduct; and § 3553(a)(2)(C), protecting the public from future crimes of the defendant.   Doc. No. 13 at 12–13 ("General deterrence (per factor (a)(2)(B)) is not related to a supervision term.").   He is wrong; his substantial remaining term is relevant and weighs against him.   *See United States v. Fattah*, No. 21-3177, 2022 WL 2437846, at *2 (3d Cir. May 19, 2022) (per curiam) ("We are satisfied that the length of the remaining term of supervised release is one of the 'wide range of circumstances' that district courts may appropriately consider."); *United States v. Hooks*, Cr. No. 13-257, at *3 (E.D. Pa. Dec. 15, 2022) ("[T]he Court is mindful of the general deterrence and judicial transparency purposes furthered by requiring [defendant] to actually serve the time to which he was sentenced."); *United States v. Jackson*, Cr. No. 11-55, 2022 WL 2789870, at *3 (W.D. Pa. July 15, 2022) (Conti, J.) ("A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant . . . ."); *Treutelaar*, 2021 WL 2550651, at *4 ("In light of the grave and serious nature of Defendant's criminal conduct and that Congress provided a mandatory five-year-term of supervised release for his crime, the term of supervised release served thus far would not adequately deter criminal conduct.   In other words, a five-year-term of supervised release is still warranted to deter criminal conduct.").

Finally, granting Solano's request for early termination would undermine the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.   *See* 18 U.S.C. §§ 3553(a)(6).   This is again particularly true given that Solano's five-year term of supervision was the statutory minimum term—and the

Guidelines range term—and Solano has served only half of it.   *See* 18 U.S.C. §§ 3553(a)(4);

PSIR ¶¶ 108–109; Doc. No. 10 at 6–8; *United States v. Gibson*, Cr. No. 06-243, 2022 WL

1046562, at *4 (W.D. Pa. Apr. 7, 2022) (Conti, J.) ("Because the statutory mandatory minimum

is 5 years of supervised release, early termination in this case may <u>create</u> unwarranted sentencing

disparities with other defendants.   This factor weighs against early termination.") (emphasis in

original).   Solano moreover received the statutory minimum term of imprisonment.   *See* PSIR

¶ 105.   In sum, the § 3553(a) factors continue to strongly weigh against granting Solano early

termination.

> **C.     Because Solano Fails to Demonstrate any New or Unforeseen Circumstances—as Generally Required for Early Termination—or Any Undue Burden, His Second Motion Should Be Denied**

The § 3553(a) factors show that Solano has not met his burden to establish that his

conduct and interest of justice merit early termination of supervision.   While not mandatory, the

Third Circuit has recognized that early termination is generally warranted only where there are

new or unforeseen circumstances.   *See United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020)

("We think that "[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be

proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances'

warrant it.") (quoting *United States v. Davies*, 746 F. Appx. 86, 89 (3d Cir. 2018)).   Solano

makes no attempt to demonstrate any such circumstances.   Nor does he identify any aspect of

supervision that is unduly burdensome.   *See United States v. Watkins*, Cr. No. 08-231, 2022 WL

1091932, at *2 (W.D. Pa. Apr. 12, 2022) (Horan, J.) (denying early termination motion and

noting: "[Defendant] does not articulate how supervision prejudices him.   Moreover,

[Defendant] is currently employed and therefore supervision itself is not an impediment to his

ability to work.   Finally, [Defendant] has not pointed to any aspect of supervision that is unduly

burdensome or exceptional."); *United States v. Damiano*, Cr. No. 07-153, 2020 WL 7263183, at
*2 (E.D. Pa. Dec. 10, 2020) (noting the same).

Solano instead argues, as he did in his First Motion, that he has complied thus far with
the conditions of his supervision and that further supervision is therefore unnecessary.   Doc. No.
13 at 15–16.   At the outset, Solano—who bears the burden of demonstrating that early
termination is warranted (*see, e.g.*, *Welling*, 2021 WL 409834, at *1)—has submitted no
evidence corroborating his claim that he has "stable housing, work, health insurance, and [has]
no vocational, educational, housing, medical, or treatment needs."   Doc. No. 13 at 16; *see also*
Doc. No. 13 at 1 (requesting Motion be decided on pleadings without a hearing).[4]

But even if he had supported these assertions with firm evidence, compliance with
conditions of supervision is expected and is not alone sufficient to warrant early termination.
*See United States v. Frankel*, Cr. No. 17-242, 2022 WL 17852029, at *5 (W.D. Pa. Dec. 22,
2022) (Conti, J.) ("Compliance with the conditions of probation, including refraining from
engaging in criminal conduct, not consuming controlled substances, maintaining gainful
employment, and participating in mental health treatment, however, is *required* behavior while
serving a term of supervised release.") (emphasis in original); *United States v. Starkey*, Cr. No.
2:14-CR-90-NR, 2022 WL 5169824, at *1 n. 1 (W.D. Pa. Oct. 5, 2022) (Ranjan, J.); ("While a
showing of new or extraordinary circumstances may not be a prerequisite to warrant the early
termination of supervised release . . . something more than mere compliance so *far* is needed to
meet [defendant's] burden.") (emphasis in original); *Watkins*, 2022 WL 1091932, at *2

---

[4]  Solano likewise provides no corroboration for his claim that his former supervising Probation
Officer "encourages [his] filing enthusiastically."   Doc. No. 13 at 16.   Moreover,
he acknowledged in his First Motion that his current supervising Probation Officer took no position
on his request.   Doc. No. 6 at 9.

("[Defendant] has been compliant with the terms of supervision.   However, the Court expects that all defendants on supervised release will successfully comply with the conditions of supervision.").   Indeed, mere compliance is hardly a compelling argument for early termination. To the contrary, as this Court has recognized, "[t]he fact of compliance may very well mean that probation is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *Frankel*, 2022 WL 17852029, at *5; *Treutelaar*, 2021 WL 2550651, at *4 (noting the same).   In sum, considering the applicable § 3553(a) factors, Solano once again fails to demonstrate that early termination is warranted by his conduct and the interest of justice.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Second Motion for Early Termination of Supervised Release.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ David Lew*
DAVID LEW
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7482 (tel)
412-644-2644 (fax)
david.lew@usdoj.gov
PA ID No. 320338

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the Government's Response in Opposition to Defendant's Second Motion for Early Termination of Supervised Release was served by mail on:

       Alberto Solano
       1502 Shady Avenue
       Pittsburgh, PA 15217

                      */s/ David Lew*
                      DAVID LEW
                      Assistant U.S. Attorney

Dated:   January 3, 2022