IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | Criminal No. 2:20-353 | |
| v. | ) | | |
| | ) | Judge Cathy Bissoon | |
| ALBERTO SOLANO, | ) | | |
| | ) | | |
| Defendant. | ) | | |

### ORDER

Pending before the Court is Alberto Solano's ("Defendant's") *pro se* Second Motion for Early Termination of Supervised Release ("Motion," Doc. 13). The Government filed a Response in opposition. (Doc. 15). The Government continues to oppose early termination of Defendant's supervised release, but Defendant's probation officer has no objection. *See* Docs. 11, 15. After consideration of all the relevant briefing, the applicable Section 3553(a) factors, Defendant's conduct and the interests of justice, Defendant's Motion will be granted.

As an initial matter, the Court disagrees with the Government that the instant motion is akin to a Motion for Reconsideration of the Court's May 27, 2022 Order denying Defendant's prior motion for early termination of supervised release. (Doc. 12). As that Order made clear, the Court denied Defendant's Motion without prejudice and invited him to refile a Motion at a later date if circumstances warranted. *See id.* At that point, Defendant had served only two-fifths of his five-year supervised release term, and, applying the relevant framework, the Court found that early termination was not warranted at that juncture.

Here, Defendant again requests early termination of his supervised release term based on his conduct, including that he remains on the minimum-intensity caseload for supervision, maintains stable housing and employment and has no outstanding educational, treatment or

1

medical needs. (Motion at 2). The Probation Office supports Defendant's request and has confirmed that his risk level is "Low" with a violence risk category of 1 – the lowest risk level a defendant can have under federal supervision. In addition, almost a year has passed since Defendant's first motion, and he now has served over half of his supervised release term.[1] The Government opposes Defendant's Motion, citing the 3553(a) factors and the interests of justice. (Doc. 15).

After careful consideration of the applicable 3553(a) factors and Defendant's conduct, including his continued compliance with his terms of supervision for almost three years and his low-risk status, the Court finds that Defendant is an appropriate candidate for early termination and that additional supervision would not serve the interests of justice. Accordingly, Defendant's Motion (Doc. 13) is GRANTED, and Defendant is discharged from all further supervision forthwith.

   IT IS SO ORDERED.


March 9, 2023                s\Cathy Bissoon
                           Cathy Bissoon
                           United States District Judge

---

[1] The Court recognizes that the five-year term of supervised release imposed was a mandatory minimum sentence. Although it appears that the Court of Appeals for the Third Circuit has not addressed this issue, it has assumed without deciding "that a statutory mandatory minimum term of supervised release is eligible for early termination." United States v. Powell-Ryder, No. 20-2617, 2021 WL 2838375, at *2 n.15 (3d Cir. July 8, 2021). At least one Court of Appeals has found that district courts have subsequent discretionary authority to terminate a mandatory term of supervised release early. See United States v. Spinelle, 41 F.3d 1056, 1060–61 (6th Cir. 1994); see also Pope v. Perdue, 889 F.3d 410, 414 (7th Cir. 2018) ("§ 3583(e) also independently authorizes the court to 'terminate a term of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' Id. § 3583(e)(1). No language from either sub-section suggests that Congress intended a minimum term of supervised release 'in imposing a sentence' to constrain the court's ability to later terminate it."). The Court agrees with the reasoning of these courts and applies the same principles here.

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

ALBERTO SOLANO
1502 Shady Avenue
Pittsburgh, PA 15217

3